IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GERALD WILLIAMS, et al.,

    Plaintiffs,

      v.

JOHN L. WYNN
individually, and in his capacity as a
Georgia State Patrol Officer, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-2281-TWT

## OPINION AND ORDER

    This is a civil rights action. It is before the Court on the Defendant John Wynn's Motion to Dismiss or in the Alternative to Stay Proceedings [Doc. 7]. For the reasons set forth below, the Motion to Dismiss [Doc. 7] is GRANTED in part and DENIED in part and the Motion to Stay Proceedings [Doc. 7] is GRANTED.

## I. Background

    The Plaintiffs Gerald Williams and Lamon Ivory were employees at Labor Ready. (Am. Compl. ¶ 7.) They were issued work tickets indicating that, on September 25, 2011, they were to perform certain services at the East Lake Country Club for a PGA golf event. (Am. Compl. ¶ 8.) On September 25, 2011, Williams had nearly arrived at the Country Club when his vehicle was stopped at a roadblock. (Am.

Compl. ¶ 10.)  The officer at this roadblock reviewed Williams' work ticket and let Williams pass through. (Am. Compl. ¶ 11.) The officer also directed Williams to Ivory, who was walking towards the Country Club. (Am. Compl. ¶ 11.) Williams then picked Ivory up and they proceeded together. (Am. Compl. ¶ 12.)

Williams and Ivory then encountered another roadblock, and were confronted by Officer Ben James. (Am. Compl. ¶ 13.) Williams showed Officer James his work ticket, (Am. Compl. ¶ 13), but Officer James nonetheless told Williams and Ivory that they should not have been allowed past the initial roadblock (Am. Compl. ¶ 14). At this point, the Defendant Officer John Wynn appeared and approached the passenger side of Williams' vehicle. (Am. Compl. ¶ 15.) Officer James demanded identification from Williams and Ivory, which they produced. (Am. Compl. ¶ 16.)  After further questioning from Officer James, Williams demanded the return of his identification. (Am. Compl. ¶ 17.)  In response, Officer James instructed Williams to pull his vehicle over and step out because "he was under arrest for being belligerent." (Am. Compl. ¶ 18.)  Williams then began to drive away. (Am. Compl. ¶ 18.) Officer Wynn then fired a shot through the passenger window which grazed Ivory's ear and hit Williams in his left thigh. (Am. Compl. ¶ 19.)  Officer Wynn fired a second shot that went through the rear window and hit Williams' left hand. (Am. Compl. ¶ 20.)

Williams' vehicle was then stopped by other officers and both Williams and Ivory were ordered to step out. (Am. Compl. ¶ 21.)  They were handcuffed and placed in separate police cars. (Am. Compl. ¶ 22.) Williams was detained in the DeKalb County Jail for two weeks before he was released. (Am. Compl. ¶ 24.)  The Plaintiff brought suit, asserting a section 1983 claim for excessive force, as well as various state law tort claims.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").  Generally, notice pleading is all

that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

### III. Discussion

The Defendant John Wynn moves to dismiss the section 1983 claim to the extent that it is brought against him in his official capacity, and all of the state law claims.  Additionally, the Defendant moves for the Court to stay this case until the state criminal proceedings against the Plaintiff Williams are complete.[1]

First, the Plaintiffs may not pursue their section 1983 claim against the Defendant in his official capacity.  "To have a cause of action pursuant to § 1983, the plaintiff must allege that a *person* deprived her of a federal or constitutional right and that the *person* was acting under color of law."  Edwards v. Wallace Cmty. Coll., 49 F.3d 1517, 1522 (11th Cir. 1995) (emphasis added); see also 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under

---

[1] The Defendant makes no argument for why the section 1983 claim should be dismissed insofar as it is brought against him in his individual capacity. (Def.'s Reply Br. in Supp. of Mot. to Dismiss, at 3) ("Plaintiffs' official capacity claims and state law claims against Defendant Trooper Wynn are due to be dismissed."). Thus, the Defendant's Motion to Dismiss must be denied in part.

§ 1983." <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  Thus, the Plaintiffs' section 1983 claim brought against the Defendant John Wynn in his official capacity should be dismissed.

Second, the Plaintiffs' state law claims are barred by official immunity. "The GTCA exempts state officers and employees from liability for any torts committed while acting within the scope of their official duties or employment." <u>Davis v. Standifer</u>, 275 Ga. App. 769, 771 (2005) (internal quotation marks omitted); <u>see</u> <u>also</u> O.C.G.A. § 50-21-25(a). "Where the state employee acts . . . within the scope of the employer's business, intentional wrongful conduct comes within and remains within the scope of the employment." <u>Feist v. Dirr</u>, 271 Ga. App. 169, 172 (2004) (internal quotation marks omitted); <u>see</u> <u>also</u> <u>Ridley v. Johns</u>, 274 Ga. 241, 242 (2001) ("[T]he Court of Appeals erred . . . in concluding that malice or intent to injure could strip a state officer or employee of the immunity granted by the State Tort Claims Act for torts committed within the scope of his or her official duties or employment.").  "Even where the plaintiff alleges a state constitutional violation, if the underlying conduct complained of is tortious and occurred within the scope of the state employee's official duties, the employee is protected by official immunity under the GTCA." <u>Davis v. Standifer</u>, 275 Ga. App. 769, 772 (2005) (internal quotation marks omitted). Here, the Plaintiffs do not dispute that the Defendant is a state employee.

Additionally, they do not allege that the Defendant was acting outside of the scope of his employment. Cf. Mattox v. Bailey, 221 Ga. App. 546, 546 (1996) ("[P]laintiff's state law battery claim . . . is barred . . . because it is clear from the complaint that the alleged battery arose from the performance of Bailey's official duties as a correctional officer."). Thus, the Plaintiffs' state law claims against the Defendant John Wynn should be dismissed.

Finally, the Plaintiffs do not oppose the Defendant's request to stay this case until the state criminal proceedings against the Plaintiff Williams are complete. (Pls.' Resp. to Def.'s Mot. to Dismiss, at 10) ("Plaintiff William [sic] has criminal charges material to this action currently pending in the Superior Court of DeKalb County. Plaintiffs do not oppose the stay of proceedings in this matter until the conclusions of said charges."). Thus, the Court will grant the request to stay this case. See Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) ("A variety of circumstances may justify a district court stay pending the resolution of a related case in another court . . . a stay might be authorized . . . by principles of abstention."); and cf. Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

## IV. Conclusion

For these reasons, the Court GRANTS in part and DENIES in part the Defendant John Wynn's Motion to Dismiss [Doc. 7] and GRANTS the Defendant John Wynn's Motion to Stay Proceedings [Doc. 7].

SO ORDERED, this __25__ day of March, 2014.

/s/Thomas W. Thrash_____
THOMAS W. THRASH, JR.
United States District Judge